## In re CARBON BLACK ANTITRUST LITIGATION
### No. 1543.

Judicial Panel on Multidistrict Litigation.

Aug. 13, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of the four actions in the District of Massachusetts, three actions in the District of New Jersey, and one action in the Northern District of Ohio as listed on the attached Schedule A.[1] Before the Panel are three

---

1. In addition to the actions presently before    the Panel, the parties have identified three

motions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these actions. All moving and responding parties support centralization of these actions; however, the parties disagree as to which district is the most appropriate forum. Defendants Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Co., Degussa Engineered Carbons, LP and Degussa Corporation suggest transfer to the District of Massachusetts. Plaintiffs in the four District of Massachusetts actions similarly move for transfer to that district, and plaintiffs in the three potential tag-along actions in the District of Massachusetts support centralization there. Plaintiffs in two District of New Jersey actions move for transfer to the District of New Jersey, and plaintiff in the third District of New Jersey action supports centralization there. Plaintiffs in the Northern District of Ohio action and the Northern District of Illinois potential tag-along action both suggest transfer to the Northern District of Ohio.

■ On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of an alleged unlawful combination or conspiracy to suppress or eliminate competition by fixing, raising, or maintaining prices for carbon black sold in the United States. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to

related actions pending in the District of Massachusetts and one related action pending in the Northern District of Illinois. These actions and any other related actions will be

class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation. We note that i) the majority of the actions are pending in the District of Massachusetts; ii) one of the main defendants has its principal place of business in Boston, Massachusetts; iii) all five domestic defendants support centralization in this district, as do plaintiffs in the seven actions in that district; and iv) the judge assigned to the constituent actions in this district is an experienced jurist with a caseload favorable to receiving such an assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1543—In re Carbon Black Antitrust Litigation*

*District of Massachusetts*

*Technical Industries, Inc. v. Cabot Corp., et al.,* C.A. No. 1:03–10191

*Standard Rubber Products v. Cabot Corp., et al.,* C.A. No. 1:03–10659

*Reeves Brothers, Inc. v. Cabot Corp., et al.,* C.A. No. 1:03–10733

*Plastics Color Corp. of Illinois v. Cabot Corp., et al.,* C.A. No. 1:03–10837

treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*District of New Jersey*

*Synaflex Rubber Products Co. v. Cabot Corp., et al.,* C.A. No. 2:03–1400

*Alco Industries, Inc. v. Cabot Corp., et al.,* C.A. No. 2:03–1593

*Chase & Sons, Inc. v. Cabot Corp., et al.,* C.A. No. 2:03–1609

*Northern District of Ohio*

*Parker Hannifin Corp. v. Cabot Corp., et al.,* C.A. No. 5:03–495

---

**1.** In addition to the actions presently before the Panel, the parties have identified one related action pending in the District of Ari- zona. This action and any other related actions will be treated as potential tag-along